IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2042-FL

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| BYRON NEIL ANTONE, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

This case comes before the court on the government's motion (D.E. 73), pursuant to Fed. R. Civ. P. 37(c)(1),[1] to exclude all six[2] witnesses identified by respondent in the proposed prehearing order (D.E. 68 at pp. 6-8) who were not also identified in respondent's initial disclosures. In the alternative, the motion requests that discovery be reopened to allow the government to depose these witnesses. The government did not file a separate memorandum, but included its argument in its motion. In a memorandum in response (D.E. 75), respondent opposes exclusion of the witnesses.

---

[1] This provision reads:

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

[2] The government counts the number of witnesses involved as seven, but the actual number is six. There is a seventh witness, Dr. Roy G. Daum, but he had been disclosed by respondent and is not subject to the government's motion.

He does not oppose, however, the government's being permitted to depose five of the persons identified as witnesses. He objects to the taking of the deposition of the one additional person identified, Lynette Norfleet, on the grounds that he is withdrawing her as a witness. The court assumes respondent does not consent to the shifting of any deposition or other costs to him. A hearing on the motion was held on 15 July 2011.

The court finds that the failure of respondent to timely disclose the five persons whom he continues to identify as witnesses was not substantially justified, but that any harm to the government can be eliminated by allowing the alternative relief it seeks on the terms set forth below. *See* Fed. R. Civ. P. 37(c)(1). The relief ordered is intended to make it possible for the hearing in this case to proceed on the week of 17-21 October 2011, the earliest possible setting identified by the parties. (*See* D.E. 72 ¶ 2). Because respondent has withdrawn Norfleet as a witness, no issue of tardy disclosure of her as a witness and thereby any resulting harm to the government is presented. The government has not otherwise shown good cause for reopening the discovery period to enable it to depose Norfleet.

IT IS THEREFORE ORDERED that the government's motion (D.E. 73) is ALLOWED on the following terms:

1.  No later than 2 September 2011, the government may take the depositions of the five persons whom respondent continues to identify as witnesses but who were not also identified in respondent's initial disclosures—namely, Andre Taylor; Clement C. Gallop, M.A.; Tanya McCloud; Anne Schauder; and Allan W. Duprey.

2.  Respondent shall make reasonable efforts to make the foregoing persons available for deposition by the 2 September 2011 deadline.

3. Any supplemental expert reports necessitated by any depositions taken pursuant to this order shall be produced and filed no later than 19 September 2011.

4. Any rebuttal expert reports in response to the foregoing supplemental expert reports shall be produced and filed no later than 3 October 2011.

5. A revised joint proposed prehearing order shall be filed no later than 10 October 2011.

6. Respondent shall be responsible for payment of any expenses reasonably incurred by the government in connection with the depositions provided for herein that it would not have incurred but for respondent's tardy witness disclosure (*e.g.*, the cost of expedited transcripts, if reasonably necessary). If the parties cannot reach agreement on such expenses, if any, the government shall file a motion seeking the expenses it claims, with appropriate support, by 9 September 2011. Respondent shall file any response to the government's motion within seven (7) days of service of the government's motion or by 16 September 2011, whichever is earlier.

SO ORDERED, this the 15th day of July 2011.

_____
James E. Gates
United States Magistrate Judge