IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2042-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BYRON NEIL ANTONE, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on respondent's motion (D.E. 87) to exclude the supplemental expert report of government expert Amy Phenix, Ph.D. (D.E. 84) on the grounds that its disclosure to respondent was untimely. The government filed a response (D.E. 88) in opposition. For the reasons discussed below, respondent's motion will be granted.

**Background**

The Scheduling Order (D.E. 46) in this case, entered on 7 December 2010, set 4 October 2010 as the deadline for the government's initial disclosures, including any expert reports. (*Id*. ¶ 3). In compliance with this deadline (*see* D.E. 54), the government provided to respondent a report by Dr. Phenix dated 3 October 2010 (D.E. 37). On 12 April 2011, Dr. Phenix conducted an interview of respondent. (Supp. Phenix Report 1). She was deposed a day later. (Gov.'s Resp. 1). On 13 May 2011, the government provided respondent with supplemental disclosures, which did not include any supplemental report by Dr. Phenix. (Resp.'s Mot. ¶ 9). Pursuant to the Scheduling Order, the deadline for discovery and for supplementation was, at the latest, 6

May 2011–or 60 days after respondent was required to provide his initial disclosures to the government (*i.e.*, 7 March 2011). (Sched. Order ¶¶ 4, 5, 9).[1]

On 27 June 2011, the parties filed their proposed joint prehearing order (D.E. 68), which did not reference any supplemental report by Dr. Phenix. On 15 July 2011, the parties filed a joint notice of proposed hearing dates (D.E. 78), and, on 1 September 2011, the court set this case for a commitment hearing on 20 October 2011 (*see* D.E. 81).

On 9 September 2011, the government served on respondent a supplemental report by Dr. Phenix, which, according to the government, supplements the original report "with the information [Dr. Phenix] obtained during her [12 April 2011] clinical interview of Respondent, and Dr. Phenix's use of an instrument called the Structured Risk Assessment-Forensic Version ('SRAFV')." (Gov.'s Resp. 2). The government filed the supplemental report on 16 September 2011 without leave of court. (*See* D.E. 84). On 22 September 2011, the parties filed a revised proposed joint prehearing order (D.E. 86), which lists the supplemental report as an exhibit subject to respondent's motion to exclude it.

## Discussion

The court finds that the opinions set out in Dr. Phenix's supplemental report must be excluded to the extent they are not addressed in her original report or her deposition. There are two fundamental reasons.

One is the exceptional lack of diligence in submission of the supplemental report. *See* Fed. R. Civ. P. 16(b)(4) (establishing good cause requirement for modification of a scheduling order), 37(c)(1) (allowing use of information not disclosed as required only if the failure to

---

[1] Although the Scheduling Order expressly provided that the final deadline for supplementation was the close of discovery (*see* ¶ 9), the supplemental report would have also been untimely under Rule 26(e)(2), which requires that supplementation of expert witness reports occur no later than the deadline for pretrial or, in this context, prehearing disclosures, which here was 20 May 2011. (*See* Sched. Order ¶ 9 (requiring final prehearing disclosures to be made within 14 days after the close of discovery)).

disclose properly "was substantially justified or is harmless"). The report was served and filed about five months after Dr. Phenix examined respondent and about four months after the deadline for supplementation. Although the government apparently served the supplemental report on respondent one day after receiving it, that prompt action does not undo or offset the prior lack of diligence over a much longer period of time. If the court were to allow the government to rely on the opinions unique to the supplemental report under these circumstances, the scheduling order in this case would be transformed into "'a frivolous piece of paper, idly entered, which can be cavalierly disregarded.'" *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Moreover, such a ruling would undermine the integrity of the scheduling orders entered in other cases brought under 18 U.S.C. § 4248 and thereby the orderly administration of proceedings in those cases.

The other basis for the court's determination is the prejudice that would result to respondent from allowing the government to offer the opinions unique to the supplemental report. *See* Fed. R. Civ. P. 37(c)(1) (harmlessness prong). The absence of supplementation by the 6 May 2011 deadline and thereafter for months entitled respondent to develop his case on the basis of the opinions expressed by Dr. Phenix in her original report and at her deposition. It would be manifestly prejudicial to respondent to place upon him the burden of having to develop evidence and argument to counter the opinions newly expressed in the supplemental report in the limited period before the commitment hearing. Such would have been true as well at the time the supplementation was made.

The government's suggestion that any prejudice would be negated by respondent's ability to cross-examine Dr. Phenix is obviously baseless. Conducting what would amount to a

3
Case 5:07-hc-02042-FL -JG   Document 91   Filed 10/07/11   Page 3 of 4

discovery deposition is hardly the same as conducting cross-examination after a reasonable opportunity for discovery. The government also notes that the court permitted respondent to identify tardily several persons as witnesses. (*See* D.E. 79). But the witnesses there were lay witnesses, not an expert witness as here, and the disclosure came in June, about two and a half months earlier than here.

## Conclusion

For the foregoing reasons, IT IS ORDERED that respondent's motion (D.E. 87) is GRANTED and the opinions set out in Dr. Phenix's supplemental report are EXCLUDED from the commitment hearing in this case to the extent they are not addressed in her original report or her deposition.

SO ORDERED, this the 7th day of October 2011.

_____
James E. Gates
United States Magistrate Judge