IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-HC-2042-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BYRON NEIL ANTONE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion (DE # 83) of respondent Byron Neil Antone (hereinafter "respondent") for the court to reconsider its referral of this case to a magistrate judge for evidentiary hearing and entry of a memorandum and recommendation ("M&R") regarding the merits of the government's petition for commitment pursuant to 18 U.S.C. § 4248 ("§ 4248"). Petitioner has responded and does not oppose the motion, conditioned on respondent's understanding that a delay would be caused should the court grant the motion. The matter is ripe for ruling.

In the present action, the government seeks to commit respondent as a "sexually dangerous person" pursuant to § 4248, which was enacted as part of the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006) (hereinafter "Adam Walsh Act"). Petitioner filed the certification commencing this action on February 23, 2007. On February 28, 2007, the court issued an order appointing counsel and scheduling a hearing on the merits of the commitment petition to commence on October 1, 2007. On September 7, 2007, in another commitment action in this district, the court held § 4248 unconstitutional. See United States v. Comstock, 507 F. Supp. 2d 522 (E.D.N.C. 2007). On September 11, 2007, respondent filed a

motion to dismiss on the same grounds as Comstock. On September 20, 2007, the government filed a motion to stay its time to respond to respondent's motion to dismiss and to stay any decision on the motion to dismiss, pending the outcome of appellate litigation in Comstock. On September 25, 2007, respondent filed a motion to stay the hearing on the merits in this action pending a decision on his motion to dismiss. On September 26, 2007, the court issued an order allowing respondent's motion to stay the commitment hearing. On January 8, 2008, the court issued an order in this case and all other § 4248 cases then pending in this district, staying the proceedings pending the outcome of appellate litigation in Comstock.

On May 17, 2010, the Supreme Court, in United States v. Comstock, 130 S. Ct. 1949 (2010) ("Comstock I"), held § 4248 valid under the Necessary and Proper Clause and remanded Comstock to the Fourth Circuit Court of Appeals for further proceedings. On June 11, 2010, this court lifted the stay of this action. On June 22, 2010, respondent filed a motion requesting a hearing on the merits of commitment. On August 6, 2010, the case was reassigned to the undersigned. On December 7, 2010, the court entered a scheduling order which granted respondent's motion for a hearing on the merits. Pursuant to the scheduling order, discovery closed on May 6, 2011. On July 15, 2011, the parties filed a joint notice of proposed hearing dates, which was amended on July 22, 2011, indicating that the parties and witnesses would be available October 20-21, 2011 . On September 1, 2011, the court referred the matter to United States Magistrate Judge James E. Gates for hearing and M&R. Also on September 1, 2011, Judge Gates issued an order scheduling a hearing on the merits of commitment to commence on October 20, 2011. On September 22, 2011, respondent filed the motion to reconsider referral, presently before the court.

2

Case 5:07-hc-02042-FL   Document 92   Filed 10/11/11   Page 2 of 3

Respondent acknowledges that it is within the power of the court to refer this matter to a magistrate judge for hearing and M&R. (Mot. 4). Respondent asserts, however, that referral does not further the purpose of the Federal Magistrates Act, 28 U.S.C. § 631 et seq., because it will result "in little if any savings of time and resources on the part of the district court." Id. at 5. The court rejects this argument as speculative. Respondent further asserts, "The nature of the determinations to be made under the Adam Walsh Act require direct evaluation by the district court." Id. at 6. In this regard, respondent likens § 4248 proceedings to a felony criminal case. The court rejects this argument as well. The Fourth Circuit's opinion in United States v. Comstock, 627 F.3d 513, 520-24 (4th Cir. 2010), cert. denied, 131 S. Ct. 3026 (2011) (Comstock II), strongly suggests, and this court finds, that § 4248 proceedings are civil.[1] The court recognizes the high stakes involved and the considerable delay already occasioned in this case. The court considered such when it exercised its discretion to refer the matter to a magistrate judge. Referral remains appropriate.

Accordingly, the motion for reconsideration (DE # 83) is DENIED.

SO ORDERED, this the 10* day of October, 2011.

LOUISE W. FLANAGAN
United States District Judge

---

[1] Because of the procedural posture of Comstock II, the Fourth Circuit declined to specifically adopt the view that § 4248 is civil, not criminal in nature. Comstock II, 627 F.3d at 518 n. 1; but see United States v. Broncheau, 645 F.3d 676, 689 n.* (4th Cir. 2011) (Wynn, J., concurring) ("[T]he argument that § 4248 proceedings, although nominally civil, were actually criminal . . . was foreclosed when, in Comstock II, we reiterated that § 4248 is in fact a civil commitment statute. See 627 F.3d at 520 ('[T]he purpose and structure of the commitment process render it unlike any criminal prosecution.')").

3