IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-HC-2042-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| BYRON NEIL ANTONE, | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's's motion to strike respondent's notice of appeal (DE # 94). Respondent has responded in opposition. In this posture, the issued raised are ripe for review. For the following reasons, petitioner's motion is denied; however, the notice of appeal is deemed deficient and the case shall proceed in accordance with the current case schedule.

## BACKGROUND

A more detailed recitation of the case history is found in the court's order lodged at docket entry 92, and will not be repeated here. The government seeks to commit respondent as a "sexually dangerous person" pursuant to 18 U.S.C. § 4248, which was enacted as part of the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006). On December 7, 2010, the court entered a scheduling order, lodged on the docket at entry 46, which granted respondent's motion for a hearing on the merits. Pursuant to the scheduling order, discovery closed on May 6, 2011. On July 15, 2011, the parties filed a joint notice of proposed hearing dates, which was amended on July 22, 2011, indicating that the parties and witnesses would be available October 20-21, 2011.

On September 1, 2011, the court referred the matter to United States Magistrate Judge James E. Gates for hearing and memorandum and recommendation ("M&R"). Also on September 1, 2011, Judge Gates issued an order scheduling a hearing on the merits of commitment to commence on October 20, 2011. On September 22, 2011, respondent filed motion to reconsider referral to the magistrate judge. On October 11, 2011, the court denied the motion.

On October 14, 2011, respondent filed notice of appeal to the United States Court of Appeals for the Fourth Circuit regarding this court's order denying the motion for reconsideration of referral to the magistrate judge. On October 17, 2011, petitioner filed the instant motion, asking the court to strike the notice of appeal.

## DISCUSSION

The right to a federal appeal is a "creature of statute," and exists only to that extent granted by Congress. Abney v. United States, 431 U.S. 651, 656 (1977). Congress has vested the courts of appeals with jurisdiction to hear appeals from "final decisions" of the district courts. See 28 U.S.C. § 1291. There are some limited exceptions to this general rule. See 28 U.S.C. § 1292. Certain types of rulings are immediately appealable, notwithstanding the fact that they are not "final orders." See § 1292(a) (providing for appeals of injunctions, receivers, and interlocutory decrees in admiralty cases). Section 1292 also provides for discretionary interlocutory appeals, which allow, in certain limited situations, for a district court, in its discretion, to choose to certify a non-final, interlocutory order as eligible for immediate appellate review. § 1292(b).

The basis of petitioner's motion is that respondent seeks a discretionary interlocutory appeal. As the government correctly notes, to appeal an interlocutory determination, the district court must, in writing, state its opinion that the order "involves a controlling question of law as to which there

2

is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b). Additionally, the application for such an appeal does "not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." Id. No such application for interlocutory appeal has been sought by respondent in this case, nor has this court expressed in writing that interlocutory appeal is appropriate or warranted.

Respondent, however, argues that the provisions of § 1292 and the applicable case law regarding interlocutory appeals are irrelevant. He contends that he is invoking his right to appeal under the collateral order doctrine. Respondent also notes that it is the court of appeals, not the district court, that decides whether an issue is collateral or not.

The collateral order doctrine is an "exception to [the] 'final-judgment rule'" for appeals. United States v. Juvenile Male, 554 F.3d 456, 463 (4th Cir. 2009). The rule authorizes a court of appeals to review an interlocutory decision when three requirements are satisfied: (1) the issue sought to be appealed "must conclusively determine the question"; (2) "the question must constitute an important issue independent of the merits of the underlying controversy"; and (3) the issue must be "effectively unreviewable after trial." Id. (citing cases); see also Mohawk Industries Inc. v. Carpenter, 130 S.Ct. 599, 605-06 (2009). The collateral order doctrine is "intended to be modest in scope" so as to prevent it from overpowering the general rule that appeals should only be taken from final decisions. Al-Quraishi v. L-3 Servs., Inc., __ F.3d __, 2011 WL 4382115 at *3 (4th Cir. 2011).

The court agrees with the government and finds that the collateral order doctrine is inapplicable here. First, respondent's brief is devoid of convincing argument that the collateral order doctrine applies in this particular scenario - appeal from a district court's referral of a matter to a

---
3
---

magistrate judge under the Federal Magistrate Judge's Act, 28 U.S.C. § 636. In fact, case law suggests that this very scenario does not fall under the collateral order doctrine. See Reaves v. South Carolina, 198 F. App'x 306, 2006 WL 2460854 at *1 (4th Cir. 2006) (denying appeal from district court's referral of pretrial matters to the magistrate judge for M&R and noting that "[e]ven if the notice of appeal could be construed as a timely appeal from the district court's continued referral of matters to the magistrate judge, we lack jurisdiction over the appeal as the order is neither final nor an appealable interlocutory or collateral order."). Additionally, the only case that respondent cites in support of his argument that his appeal is appropriate under the collateral order doctrine, Juvenile Male, involves a very different scenario than the one presented here. See Juvenile Male, 554 F.3d at 463. That case involved a juvenile transfer order, and the court specifically referenced authority from other circuits that supported applying the collateral order doctrine in that scenario. Id. at 463-64.

Respondent also cites Juvenile Male to argue that the court of appeals, not this court, decides whether an issue is collateral or not. While Juvenile Male sets forth the general rules for applying the collateral order doctrine, it does not explicitly state that only the court of appeals can decide whether an issue is collateral. In fact, "[T]he district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order." U.S. v. Jones, 367 Fed. App'x. 482, 484 (4th Cir. 2010) (unpublished). District courts in this circuit have determined that orders entered at the district court level are not subject to the collateral doctrine exception. See, e.g., In re Jemsek Clinic, P.A., 2011 WL 3841608 at *3 (W.D.N.C. 2011) (finding that case did not fall within the collateral order doctrine); Blue Cross and BlueShield of North Carolina v. Jemsek Clinic, P.A., 2008 WL 2115215 at *1 (W.D.N.C. 2008) (referencing a previous discovery order that the district court

4

determined was not subject to the collateral order doctrine exception). Accordingly, this court has jurisdiction to determine whether its interlocutory order denying respondent's motion to reconsider the referral of the § 4248 hearing falls under the collateral order doctrine. The court finds that it does not.

As noted above, to fall under the collateral order doctrine, the interlocutory order must satisfy three criteria. Juvenile Male, 554 F.3d at 463. Without deciding whether the order at issue meets the first two criteria, the court finds that its order does not meet the third criteria, in that it is not "effectively unreviewable" if the appeal is to await a final order on the merits. Here, the issue sought to be appealed is plainly reviewable after trial. See, e.g., Summerville v. George, No. 85-6453, 1986 WL 16234 (4th Cir. 1986) (unpublished) (reviewing, on appeal, a district court's authority and decision to refer matters to a magistrate judge). Failure to satisfy even one of the three requirements for application of the collateral order doctrine renders the doctrine inapplicable. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276 (1988). Thus, the collateral order doctrine does not apply to this court's order denying the motion to reconsider its referral of respondent's § 4248 hearing to the magistrate judge.

Turning to petitioner's request that the court strike respondent's notice of appeal, the court of appeals always has jurisdiction to determine whether it has the authority to entertain and adjudicate an appeal. Therefore, the court declines to strike respondent's notice of appeal. Nevertheless, the court will disregard the notice of appeal as deficient and proceed with this case as if the notice of appeal had not been filed.

Accordingly, the motion to strike respondent's notice of appeal (DE # 94) is DENIED. This case shall proceed as currently scheduled.

5

SO ORDERED, this the 18th day of October, 2011.

                LOUISE W. FLANAGAN
                United States District Judge